ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| LUIS M. MOLL ROBLES<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | **TA2026RA00094** | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: CUCB-113-25<br><br>Sobre: Referido a Programa REDES |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Bonilla Ortiz, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 13 de abril de 2026.

Comparece ante nos el Sr. Luis M. Moll Robles (señor Moll o "el recurrente") quien se encuentra confinado en el Programa de Bellas Artes y Estudios Universitarios 308 en el Complejo Correccional de Bayamón, y recurre por derecho propio *in forma pauperis*. En su recurso, nos solicita que revisemos una *Resolución* emitida el 4 de febrero de 2026, por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (DRA o "parte recurrida"). Mediante el referido dictamen, la DRA informó que su solicitud de estatus estaba adelantada y que estaría recibiendo una contestación pronto.

Por los fundamentos que expondremos a continuación, **DESESTIMAMOS** el recurso de epígrafe.

## I.

Según surge del expediente, el 10 de noviembre de 2025, el señor Moll presentó una *Solicitud de Remedio Administrativo* ante la DRA. Mediante esta, alegó que

desde el 31 de mayo de 2024 había sido referido para el Programa REDES en Arecibo.[1] No obstante, sostuvo que había transcurrido más de un (1) año sin que le ofrecieran una contestación, por ello, solicitó conocer el estatus del Informe para determinar su elegibilidad para el Programa REDES.[2]

El 15 de diciembre de 2025, la DRA emitió una *Respuesta del Área Concernida / Superintendente*, en la cual le indicaba que debía solicitar orientación a su técnico sociopenal sobre el estatus de su solicitud.[3]

En desacuerdo, el 23 de diciembre de 2025, el recurrente presentó una *Solicitud de Reconsideración*.[4] En esencia, sostuvo que no estaba conforme con la respuesta recibida, debido a que, había agotado todos los recursos incluyendo orientación con su técnica sociopenal.

El 5 de enero de 2026, la DRA emitió una *Respuesta de Reconsideración al Miembro de la Población Correccional*.[5] Mediante la cual, acogieron la petición de reconsideración e indicó que el Coordinador tendría treinta (30) días laborables para emitir resolución de Reconsideración.

Así pues, el 4 de febrero de 2025, la DRA notificó la *Resolución* recurrida, en la cual planteó las siguientes determinaciones de hechos:[6]

---

[1] *Acuerdo del Comité de Clasificación y Tratamiento*, pág. 1 del apéndice. El 5 de diciembre de 2024, fue emitida una *Evaluación Programa de Pre-Reinserción*. En esta, determinaron posponer el caso, debido a que le requirieron a la Oficina de Servicio de Aviso a Víctimas sobre el Estatus del Recluso (SAVER) la certificación de notificación a partes perjudicadas. Véase, pág. 2 del apéndice.
[2] *Solicitud de Remedio Administrativo*, pág. 3 del apéndice.
[3] *Respuesta del Área Concernida / Superintendente*, pág. 4 del apéndice.
[4] *Solicitud de Reconsideración*, págs. 5-6 del apéndice.
[5] *Respuesta de Reconsideración al Miembro de la Población Correccional*, págs. 8-9 del apéndice.
[6] Véase, *Resolución*, entrada 2 en SUMAC.

1. El recurrente presento Solicitud de Remedios Administrativos el 20 de noviembre de 2025 ante la Evaluadora de Remedios Administrativos, Carmen Montañez Martinez de la Oficina de Bayamón. En su escrito solicita estatus de la determinación de elegibilidad para el Programa REDES Arecibo.

2. El 20 de noviembre de 2025 la Sra. Carmen Montañez Martinez, Evaluadora Remedios Administrativos, Oficina de Bayamón realiza Notificación a la Sra. Nitza Lozada Molina, Supervisora Regional, Complejo Correccional Bayamón.

3. Se recibe respuesta por parte de la Sra. Nitza Lozada Molina, Supervisora Regional, Complejo Correccional Bayamón en la Oficina de Remedios Administrativos de Bayamón el 15 de diciembre de 2025.

4. La Sra. Carmen Montañez Montañez, Evaluadora de Remedios Administrativos se prepara respuesta al miembro de la población correccional el 15 de diciembre de 2025.

5. El 17 de diciembre de 2025 se hace la entrega al recurrente del Recibo de Respuesta.

6. El 23 de diciembre de 2025, el recurrente inconforme con la respuesta emitida, presentó Solicitud de Reconsideración ante el Coordinador Regional de Remedios Administrativos. En síntesis, arguye que no está de acuerdo con la respuesta recibida.

7. Se acoge la petición de reconsideración el 5 de enero de 2025.

Así pues, indicó que luego de corroborar el estatus de la solicitud del señor Moll, esta se encontraba adelantada y que prontamente recibiría su contestación. Por consiguiente, determinó confirmar y ampliar la respuesta recibida por pare de la Sra. Nitza Lozada Molina, Supervisora Regional del Complejo Correccional Bayamón.

Aun inconforme, el 5 de marzo de 2026, el señor Moll presentó el recurso de epígrafe el cual alegó la comisión de los siguientes errores:

ERRÓ EL DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN AL NO ATENDER LOS RECLAMOS DEL PETICIONARIO EN SU SOLICITUD DE REMEDIOS ADMINISTRATIVOS SOBRE EL ESTATUS DE SU REFERIDO AL PROGRAMA REDES.

ERRÓ EL DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN AL NO ATENDER LA PETICIÓN Y REFERIDO DEL PETICIONARIO CON LA CELERIDAD QUE AMERITA INCIDIENDO SOBRE EL PROCESO DE AJUSTE Y PROGRESO DE REHABILITACIÓN DEL RECURRENTE.

El 6 de marzo de 2026, emitimos una *Resolución* mediante la cual le concedimos la parte recurrida el término dispuesto en nuestro Reglamento, según enmendado, 2025 TSPR 42, para que presentara su alegato.

Posteriormente, el 26 de mayo de 2026, emitimos una *Resolución* solicitándole a la parte recurrida que mostrara causa por la cual no debíamos ordenarle a dar una respuesta concreta y definitiva al recurrente, ante la espera de una respuesta a su solicitud de estatus de la determinación de elegibilidad para el Programa REDES en Arecibo.

Así las cosas, el 30 de marzo de 2026, el departamento de Corrección y Rehabilitación, representado por la Oficina del Procurador General de Puerto Rico presentó su *Escrito en Cumplimiento de Resolución*.

Por lo tanto, contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II.

La jurisdicción es el poder o autoridad con el que contamos los tribunales para considerar y decidir los casos y controversias que nos son presentados ante nuestra consideración. *Freire v. Morales Román*, 2024 TSPR 129 215 DPR __; *Munc. Aguada v. W Cost. Y Recovery Finance*, 214 DPR 432 (2024) y *Torres Alvarado v. Madera*

*Atiles*, 202 DPR 495, 499-500 (2019). En Puerto Rico, aun cuando los tribunales poseemos jurisdicción general, adquirimos autoridad para entender sobre los asuntos judiciales por virtud de ley. Por tanto, no la podemos atribuir ni las partes no las pueden otorgar.

Acorde con la norma imperante, estamos emplazados a ser fieles guardianes de nuestra jurisdicción por lo que los asuntos relacionados con esta deben ser atendidos con prioridad. *R&B Power, Inc. v. Junta de Subasta ASG*, 213 DPR 685, 698 (2024); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por ello, las cuestiones relativas a la jurisdicción pueden atenderse por petición de parte o inclusive, considerarse motu proprio por el tribunal, como parte de su deber ministerial. *Íd.*

La ausencia de jurisdicción no es susceptible de ser subsanada e incide de forma consustancial con la autoridad que nos ha sido conferida para atender en los méritos una controversia o un asunto sobre un aspecto legal. *Allied Mgmt. Group v. Oriental Bank*, supra, pág. 387; *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250-251 (2012). De esa forma, si al hacer el análisis jurisdiccional, concluimos, que carecemos de jurisdicción para adjudicar la cuestión ante nuestra consideración, tenemos el deber de así declararlo y proceder con la desestimación del recurso apelativo. *Freire v. Morales Román*, supra.

Un caso se convierte en académico cuando "la cuestión en controversia pierde eficacia ante el paso del tiempo, ya sea porque ocurrieron cambios en los hechos o en el derecho y esta se vuelve inexistente." *Super Asphalt Pavement Corp. vs. AFI*, 206 DPR 803 (2021),

citando a Pueblo v. Díaz, Rivera, 204 DPR 472, 481 (2020). Una vez se determina que el caso es académico, los tribunales deben abstenerse de considerarlo. *Íd*.

### III.

En el caso de autos, el señor Moll presentó el recurso de epígrafe en el que señaló la comisión de dos (2) errores por parte de la DRA, los cuales, por estar relacionados los discutiremos en conjunto. En esencia, alega que incidió la parte recurrida al no atender con premura su solicitud sobre el estatus de su referido al Programa REDES. Sostiene que, la parte recurrida no puede tener un expediente por tanto tiempo sin emitir una determinación final, debido a que, constituye una actuación arbitraria incompatible con el debido proceso de ley. Asimismo, señala que no han atendido su planteamiento, pues no han contestado cuál es el estatus del referido, ni la razón para su dilación. Añade que, cumple con todos los requisitos de elegibilidad para su traslado al Programa, y por ello, solicita se ordene al Departamento de Corrección a que emita una determinación final fundamentada e informe el estatus del referido para así ser trasladado de forma inmediata.

Por su parte, el Departamento de Corrección expresa que atendió adecuadamente el reclamo del señor Moll, pues le proveyó el estatus de su certificación al programa de pre-reinserción según solicitado y le notificó que su referido estaba adelantado. Asimismo, resalta que le notificaron que su referido era favorable y estaba en lista de espera para dicho programa. Añade, que la DRA actuó conforme a sus facultades, puesto que, es la Oficina de Programas y Servicios del Departamento de Corrección la que toma la determinación final sobre

el referido del recurrente a un programa de desvío. Por ello, solicitó fuera confirmado el dictamen recurrido.

Evaluado el recurso, así como la documentación sometida, se desprende que el 3 de marzo de 2026, siendo notificada al peticionario el 25 de marzo de 2026, el Departamento de Corrección emitió una *Evaluación Programa de Pre-Reinserción* en el que informaron que el caso había sido evaluado de manera favorable y el señor Moll se encuentra en lista de espera para el *Proyecto Para la Pre-Reinserción a la Libre Comunidad* en el Centro Nuevas Oportunidades de Arecibo.

Por lo tanto, ante lo informado por la parte recurrida, concluimos que el señor Moll fue notificado sobre el estatus del referido al programa, consecuentemente, habiéndose emitido la respuesta solicitada, el asunto ante nuestra consideración se ha tornado académico.

**IV.**

Por los fundamentos antes expuestos, **DESESTIMAMOS** el recurso de epígrafe por falta de jurisdicción por academicidad.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones